IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT CHARLES LEWIS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-1535-CFC |
| EXONMOBIL CORPORATION, | : |
| Defendant. | : |

Robert Charles Lewis, New Castle, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 7, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Robert Charles Lewis appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) He commenced this action on November 23, 2022. (D.I. 2) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Accepting as true the allegations in the Complaint, Plaintiff says that he worked at an ExxonMobil gas station cashier's booth in Newark, Delaware for three days in October 2000. He claims that gas fumes seeped into the booth, ultimately causing Plaintiff to go to the hospital, where he was diagnosed with gasoline in his blood stream and told by a doctor that he could die at any time without warning. Another employee who worked in the cashier's booth died two or three days later. Plaintiff still suffers from effects of the gasoline poisoning. For relief, he seeks five million dollars in compensatory damages, as well as punitive damages.

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v.*

*Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12

(2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Plaintiff's claims are time-barred. In Delaware, personal injury claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119.

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400

3

n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Here, it is obvious from the face of the November 2022 Complaint that Plaintiff's claims, based on events that occurred over twenty years earlier, are time-barred. Accordingly, the Complaint will be dismissed *sua sponte* under § 1915(e)(2)(B)(ii). The Court finds that amendment is futile.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Court will issue an Order consistent with this Memorandum Opinion.